IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Mr. Calvin Childs -Bey

2010 OCT 13 P 1:40        2010 OCT 13 P 1:45

Jury Trial is demanded

5025 Westhills Road

Baltimore, Maryland 21229

L10CV2835

(Full name and address of the plaintiff)
Respondiat Superiorof Defendants

Civil Action No._____

v.

DEPARTMENT OF PUBLIC WORKS BUREAU        (Leave blank. To be filled in by Court.)
OF WATER AND WASTEWATER 100 Abel Wolman
Municipal Bldg.  Baltimore, Maryland 21202 ..and:

Dr. Lorenzo Hester[for all times relevant  to te  facts herein]

Human Resourses Executive ,Balto. City Dept. Pub. Works 300 Abel
Wolman Municipal Bldg.  Balto., Md. 21202 (410) 396-4577  and:

Other defendants  outlined on additional pages , marked: Additi-
onal Defendants _____
(Full name and address of the defendant(s))

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.   Plaintiff is a resident of  Balti,more,    Maryland _____
                                 (Fill in county or city and state of residence)

2.   Defendant(s) reside(s) or does business at the following location:  Deaprtment
of Public Works and  Bureau of Water and Wastewater 300 Abel Wolman
Municipal Building,Baltimore, Maryland 21202

_____

3.   This action is brought pursuant to (check all spaces that apply):

☒    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e. *et
     seq.*, for employment discrimination on the basis of race, color. religion, sex, or
     national origin.

☐    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621.
     *et seq.*, for employment discrimination on the basis of age. My date of birth is:

     _____.

3.) Steve Blatterman, Supervisor  of Environmental Services
9800 LockRaven Drive, Balto., Md. 21234 For all times relevant
to the facts of this case and conspiracy.;

4.)  Gene Scapulla, Enviromental Services Manager,/Watershed,
Reservoir Natural Resources Section  5685 Oakland , Eldersburg
,Md. 21784-6828 , for all times relevant to the facts and
conspiracy of this case.';

5.)  Edward J. Brady, Jr.  Traffic Maintenance  Worker 1, Ac
iting/acting Watershed  Maintenance  Supervisor,9800 LopkRaven
Drive,  Balto., Md. 21234, for  all times relevant to the facts
of this case and conspiracy;

6.)  Marvin C. Payne, Motor Vehicle Driver 1, and Acting Water-
shed Maintenance  Supervisor,  9800 LockRaven Drive , Balto., Md.
21234 , for all times  relevant  to the facts  of this  Case and
conspiracy. ;

7.)  Regina  Grande  Brown , as Human Resources Executive,  Depa-
rtment of Public Works,  Bur. of Wter and Watershed 100 Abel Wolm
an Mun. Bldg.  Balto. , Md. 21202 , for all time s relevant to
the facts of this  case and  conspiracy;


8.)  Debra Moore  Carter, , Labor  Commissioner, Office of the
Labor  Commissioner, Balto., Md. for  all times relevant to this
case and conspiracy; Off. of Lab. Mang. 417 E. Fayette St
siute 1405, Balto.,Md. 12102
9.)  Dorthy Bryant,  Vice President, of the Local 44 Union AFSCME
Balto., Md. ( American  Federation  of State and County Municipal
Employees) See Prsident  glenard S. Middleton , 1410 Bush St. Bal
timore, Md. 21230  Ph. (410) 837- 7278 for all times relevant to
the facts  of this case and conppicary/conspiracy ;
10. ) Trevor  Taylor , Chief  Shop Steward  of Union , Balto.  mu
nicipal  Employees Lead Organizer ABSCME Council 67 Local 44  141
0 / 1410  Bush St,. Balto.,Md. 21230 ph (410) 837-7278 for all
times  lerevant to the facts  of this case and  conspiracy;


10.)  Glenard S. Middleton Sr. President, Balto. Mun. Empl. &
ABSCME coun.67 local 44 1410 Bush Street Balto.,Md. 21230-

11. )  Ralph Collison,  Bureau Head of Environmental Services
300  Abel Wolman Municpal Bldg. Balto.,Md. 21202 for all times re
levant to the facts of this case and conspiracy;

12. )Miles  Woodhopw Woodhouse, Human Resources  Executive
300 Abel Wolman Mun. Bldg.  Balto.,Md. 21202, for all times re-
levant to the facts and  case conspiracy;

ADDITIONAL PAGES (2)          defendants - parties.


13. )  Connie Wilkerson,  Administrative  Officer 1 2331 N. Fult
on Ave,  Balto.,Md. 21217 ,For all times relevant to the facts
of this Case  and Conspiracy

14.)  Christine E. Hooper Administrative Officer Environmental
 Services  Div. 300 Abel Wolman  Mun. Bldg.  Balto. ,Md. 21202 fo
for all times relevant to the facts  of this case and conspiracy.

15.)  Gary Hines , Shop Steward, Local Union 44 1410 Bush St.
Balto.,Md. 21230, for all times  relevant to the facts of this
case and conspiracy;

16.)  Dave Scott,   ,Director, Dept. of Public  Works 200 N. holl
iday  St.  Rm. 300 Balto.,Md. 21202 , for all times  relevant to
this case and conspiracy.

17.)  Gary Sqires,  Heavy Equipmet Optr. -11  , 9800 LockRaven
Drive,  Balto.,Md. 21234 , for all times relevant to the facts
of this case and conspiracy ;


18.)   Andrew L. Morris,  Heavy Equipment Operator ii and  Acting
Watershed Manintenance  Supervisor , 9800, LockRaven Dr. Balto.,
Md. 21234 , and for all times relevant to the facts of this case
and conspiracy;


19.)  Luke Brackett, Ranger ,   5685 Oakland  Eldersburg, Md. 217
84  for  all times relevant to then  facts of this case and
conspiracy;

20.)   robert Guy   , Investigator, the Dept. of Pub. Woeks  Able
Wolman  Memorial Bldg.  300 ,     Balto.,Md. 21202 for all times
relevant to the facts of this case and conspiracy;

21. )  DrJames  D. Levy M.D.  City Of Balto. Occupational  Medic
al  Agency , and for all times relevant to the facts of this Case
and Conspiracy   301 St. Paul  Place 21202 (401) 332-5770;

22.)  Kyle Elliot , Common Laborer  Adm. Off. of Environmental
Services , 300 abel Wolman  Mun. Bldg.  Balto. ,Md. 21202 ,for all
  times relevant to the facts of this case and conspoircay.

  Are the Defendants to this acton

☒ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

4.   I am complaining about (check all that apply):

☐ Failure to hire me.  I was refused a job on the following date: _____

_____

☒ Termination of my employment.  I was terminated from my employment on the following date: __3-20-2010_____

☒ Failure to promote me.  I was refused a promotion on the following date:

Nov. 2008 should have been Promoted to supervisor, marvin Payne was put in my place

☐ Other (explain what happened): CONSTITUTIONAL CLAIMS HERENOW DELINEATED IN FULL .: Please see attached continuation of other ?

_____

5.   The conduct of Defendant(s) was discriminatory because it was based on (check all that apply):

☒ race   ☐ color   ☒ religion   ☒ sex   ☐ age   ☒ national origin   ☒ disability

A legal fact:

6.   The facts of my claim are:   Citing the Fourth Circuit case of JOHN SCOTTIE WORRELL, Plaintiff v. MORRIS BEDSOLE U.S. District Court for the Eastern district of North Carolina Western Div. No. 5-94-CV-778-F2.  At Page 122 otherwise 842: TEMPORAL PROXIMITY is among the most compelling fact- ors demonstrating CAUSATION " " The uathoritative treatise by Retired Judge George Pratt of the Sec- ond Circuit and Professor Martin Schwartz states the general rule :  " Proof that EXERCISE OF PROTECTED EXPR- ESSION was a substatntial and motivating factor can be shown by CLOSE PROXIMITY   IN TIME between the " execercised first amendment rights and RETALIATORY ACTION. "

Paragraph 3  <u>OTHERS</u>    continued from page 2              637
--------------------------------------------------------------------

CONSTITUTIONALCLAIMS  OBVIATED FROM THE FACTS"


a.)Multiple high- level employee-agents of the Employer,with Mens
   Rea ,For The City ofBaltimore Dept. <u>Of Public Works</u> [Thru fore -
   seeability of financial risk and harm to their employer]......
   by INVIDIOUSLY DISCRIMINATORY BREED& conspiracy.......did
   <u>retaliate</u> against plaintiff   for    Petitioning the Govern-
   ment for  redress of Grievance,otherwise allowed [freely]
   at Amendment (1( to the Constitution  of the United States of
   America & Art. 19 of the Maryland Declaration Of Rights.


b.)Multiple high-level Agents of the Employer, with Mens Rea [thru
   foreseeability of financial  risk and harm to their employer]
   by OVERT ACTS  conspired ,resulting in  <u>UNLAWFUL TERMINATION</u>
   of plaintiff's jobs on more than one occasion; denying him
   "Substantive Due Process of Law, a lost of property " in vio-
   lation of Amend. 5 ,U.S.A. Constitution and Art. 24 Md. Dec.
   Rights.


c.)Multiple high-level employee-agents of the Employer with Mens
   Rea, [thru foreseeability of financial risk and harm to th-
   eir  employer] , knowingly and intentionally CONSPIRED   by
   OVERT ACTS  ,   ' promoted the  FALSE IDENTITY_ AND DETERMINA_
   TIONS OF, " OVER    Human Resources  Executive  M.D. Dr. Lo-
   renzo Hester; Hester's Medical Dudgments  over plaintiff[then
   ]  [NONJURISDICTIONAL SUBJECT MATTER ,AND INJURIOUS DETERMINA_
   TIONS [  and hester was " <u>not previously ascertained by law</u>"to
   punish  under Amend . 6 Const. of the U.S.A./  See. Fedral Crim
   inal Code and Rules Sect.  912  FALSE &PERSONATION:Ref.Amend.5

d.)The @VERT Acts OF  the agents delineated in claims a-c denies
   plaintiff the equal protection  of the law, otherwise  guaran-
   teed to him under  Amen.d 5' Substantive Due Process component.
   as well as Art. 24 of the Md. Decl. of Rights.


e.)The MANY OVERT ACTS  of the high-levl co-cons irators
unlawful  terminations of plaintiff , SPILTOVER and extended in
   facts  which conspired with certain  LOWLEVEL , which has caused
   CONTINUED  ONGOING  DISCRIMINATION AND TERMINATION, IN VIOLATION
   OF  Amend. 5 to the U.S.Const. and 42 U.S.C. Sects/.1981 *1982
   As some Defendants have manifested as Homosexauls and  Racist.


f.)The conspiring  Employees  Retaliatory Overt Acts  manifests
   as efforts to "Chill thee effect of the exercise of Constitu-
   tional Rights", both on the State and Federal Level.

Paragraph 3 <u>OTHERS</u>   continued from page  3      thereunder.

---

Violatiog  Amendmnts (1) Conts. U.S.A.  , and Art. 40 of the De-
Claration of Rights of Md. C.f. Case followed <u>Freedmanv. State</u>
233 Md. 498 (1964)  Article substantially similar to First Amen-
edment . Art. 40  Md. Decl. of Rgihts.


g.) Employess high-level and low -level 's OVERT ACTS in con-
    spiring and terminating , against  employer/s  financial inte *r*
    rest continues to constitute    " ex post facto violations"
    in view of Art. 17 the Md. Decl. of Rights, and Art. Sect. 9
    Cls. 3 U.S.A. Constitution,as plaintiff's actions have al-
    ways been deemed [legally]  Actual Innocent Conduct.

h.) The OVERT ACTS  of  False Medical Doctor  L.HESTER  for all
    times  relevant , thru the use of  Fax -Machines; E-Mails
    telephones, Computors ; Dicta-phones  Etc.  to EXACT  HEALTH
    CARE FRAUD against plaintiff constitutes " INTERSTATE COMMER_
    CE " violation within the Meaning of  Acts of Congress at 18
    U.S.C. Sections : 1341, 1343 ; [1347 emphatically]and1350
    void of all Due Process  Amend. 5 U.S. C. Amer. Art. 24 Md. C

i.) The premeditated , known, intentional OVERT ACTS  of  the co-
    conspirators,  by Dr. Hester to " Humorously -mock"  plaintiff
    as they fired; rehired, then re-fired  plaintiff  again, cons
    titutes  subjecting  plaintiff to " EMOTIONAL DURESS" in viol -
    ation of  Art. 26. of theN Md. Dec.  of Rightsand Amend. 4
    to the Conts. of the U.S.A.  by Obviated Mental Breakdown.

j.)   Such OVERT ACTS  by Dr. Hester  descriced  in  Claim i"' "
    revealed also: as psychological stress; and mental anguish,
    as plaintiff's thought process was arrested  Amend. 1, Art. 4
    40, and Amend. 4 U.S.A.Constitution.

k.) All of the  OVERT AND SECRETIVE   STATEMENTS AND DETERMINATIO
    IONS  admitted by or gleened from the defendants or  wit=
    nesses, qualify as  manifest instances of "Crueal and Unu-
    saal punishments." Violating Amend 8 U.S.A.Conts. and Art. 16
    to the Maryland Declaration of Rights/. ./See Art 25 Thereto.

l.)The allowanceof, ½promotion of,and the reliance upon the ter-
    mination and other  Judgemental determinations of  False  Medi
    cal Doctor  Lorenzo Hester constitutes a  clear and direct Sep
    eratons of Powers  Violation by  Each of the co-conspirators
    and the emloyer/s he/ themselves  ,in view of Article 8 to the
    Md. Decl Of Rights  Case Followed = c.f. therefrom! <u>Close v.</u>
    Southern Maryland  Agriculture Association 134 Md. 629 (1919)

quote:                    When /where the  LOWER COURT ACTS  under a stat
                          ute  which violatios  this article , and hence
                          "a question of  jurisdiction is involved" , the
                          Court of Appeals  may of it's own motion., re-
                          viewsuch action/ though the question of juris-
                          diction  was not raised below.

We Note, that further down the page  at  Wicomico Co. V. Todd
256Md. 459(1970) the Law dictates that:" Article not applicable
to LOCAL GOVERNMENT"    Yet, and still , we note for plaintiff
hatArticle 35 of the same Md. Decl Of Rights Commands Consistent-
ly thereof: " holding MORE THAN  ONE OFFICE          PROHIBITED
                          PERSONS  IN PUBLIC TRUST NOT TO RECEIVE  PRESENTS
                          FROM OTHER STATES,ETC. POSITION OF  NOTARY PUBLIC
                          NOT AN OFFICE OF PROFIT. " Case Followed: Hetrichv.
                          County Commissioners  222Md.304(1960)" Appointment
                          of Anne Arundel County Commissioner as interim
                          County Manager was invalid under this section

m.) The OVERT ACT of co-conspirator MARVIN PAYNE  ,to " RUN PLAI_
    NTIFF OFF OF THE ROAD" as retaliation  for  exercise of right
    to petition the government, constitutes  : the known joining
    of an  admitted past predicate , substantively, ,of life thre
    atening  actions  known to Dr. Hester and othet high level an
    low  level employee - co-conspirators.

n.) Comprehensively, all of the overt acts  constitute  a cons-
    piracy to ENUMERATE rights by and for the Employer and Empl-
    oyees which disparage ,belittle and deny those of plaintiffs
    in volation/ violation of Art.45 Md. Decl. Rgts,Amend.9 U.S.
    Constitution. Cases followed: Grossfeldv. Baughman 148Md.
    330(1925); Hamilton v. McAuliffe 353A2d 634 (1976)

o.)  Each of these claims and causes of action are  designed to
punish and chill the effects of a " whistle ' Blower. In viola-
tion  of Amendment 1 U.S. Constitution and Federal Laws under
Title 42 U.S.C. Section _____.

2.)  A Second legal Fact:  in the form of many cases followed are herenow broached : See . Vol. 1., Pratt & Schwartz Section 1983 Civil Rights Litigation/ This rule is supported by scores of cases.

See. : Steven v. Independent School , 943f2d 845 (8th. cit 1991). " Close proximity in time between  last complaint of teacher , and retaliatory transfer shows CAUSAL CONNECTION ; ' suspicious  sequence  of events, is one factor to consider " '; Holland v. Jefferson . 883f2d 1307 1315 (7th. Cir. 1989) . " Close temporal proximity can show  CAUSAL CONNECTION. "   Pontarelli v. Stone 930f2d 104 (1st. Cir. 1991) : "Circumstantial  evidence indicated facts continued.

7.    The approximate number of people employed by Defendant is 3,000

8.    The events I am complaining about took place on the following dates or time period:

From about Nov.  2005 clear thru ,up to and including Sep. 2010.

9.    I filed charges on the following date:_____ with:

☒    Equal Employment Opportunity Commission (EEOC)

☐    Maryland Human Relations Commission

☐    Other (give name of agency and location):_Mosh_____

_____

10.    I received a right to sue letter (attach copy) on the following date: _July  19th 2010 ._____.

WHEREFORE, Plaintiff asks the Court to grant such relief as may be appropriate.

including but not limited to (check all that apply):

☑    Injunctive relief (specify what you want the Court to order):_____

_____

_____

☒    Back pay.

☒    Reinstatement to my former position.

☒    Monetary damages in the amount of: $2,000,000 "TwoMillion dollars.

☒    Costs and attorneys fees.

☒    Other (specify): Lost of payment contract with I.R.S.; Gas and garrage fees;' Certified mail; Summons fees; Research reading and writing time, Investigating and witness development efforts and time; Emotional Duress sufferrings of mind Plaintiffs wife's mental agguish; his own mental anguish; and psycholical stress.   Hopelessness

(Date) 9-15-2010

(Signature) Calvin Childs-Bey

Mr. Calvin Childs -Bey

5025 Westhills Road

Baltimore, Md. 21229

(Printed name, address and phone number of Plaintiff)

FACTS CONTINUED   EXTRA #xxxx 1 from page 2 "FACTS OF MY CLAIM
These are my legal facts  citing case law deteminations.

" superior was aware .......of complaint  made  by employee; ad-
verse  action TAKEN  SHORTLY THEREAFTER:  causal connection sho-
wn;  Schwarzman v. Valenzuela  , 846f2d 1209 ,1212 ( 9th Cir. 1988 )

" close  proximity in time .......BETWEEN EXERCISE OF FIRST AMEN
DMENT rights  and  firing  creates inference that  firing  RELATE
ED TO SPEECH::  conduct deficiencies , did not arise  until AFTER
SPEECH  ........INFERS RETALIATION:   Allen v. Scribner , 812 f2
d 426 m 435 ( 9th . Cir . 1987) CLOSE  PROZIMITY IN TIME  and
Public Criticism, and   ADVERSE  ACTION   CREATES  INFERENCE  of
retaliation; Davis v.  State Univ. 802 f2d 638, 642( 2nd. Cir .
1986) : PRIMA  FACIE  CASE MADE  OUT  BY PLAINTIFF.....showing
that she engaged in  PROTECTED CONDUCT, that THE EMPLOYER  WAS
AWARE OF  such conduct,.....AND ADVERSE  EMPLOYMENT ACTION"......
c  l  o  s  e  l  y  folowed"  the protected  conduct;
Clooins v. State 830 f2d 692,704(7th. Cir. 1987)"TRANSFER  OF THE
PLAINTIFF _ EMPLOYEE WITHIN FIVE WEEKS OF MAKING  A COMPLAINT WAS
HELD TO CONSTITUTE A P  R  I  M  A  F  A  C  I  E CASE
OF  RETALIATION."; Martinez v. City 971 f2d 708 ( 11th. Cir. 1992
)  "Employee fired six months AFTER giving testimony  before a
board of inquiry was heald to entitle the jury the REQYUSITE
CAUSAL CONNECTION "


2.)  Plaintiff stipulate's to the  record, that heis, ,and has al
ways been MENTAL ALERT, AND.... NOT A THREAT OF ANY KIND TO ANYONE
Notwithstanding: ,and for purposes of these proceedings,and the
facts  RELEVANT to the persons he has named as co-conspirators
against his statutory; State and Federal Constitutional rightsas-
certed, in his claims asserted herein below.   That he did, in f
fact, become " emotonally  arrested" , of hsi thoughts and peace
and dignity or " THE VICTIM OF  PSYCHOLOGICAL  STRESS AND MEN
TAL ANGUISH "  to such a degree, till he was: STRESSSETD OUT" as
RULED by  so, by his doctors, " DUE TO ¼POLITAL PRESSURE applied
by  the coconspitators ", He invokes . He invokes an Act of Con-
gress 28U.S.C. Sect. 2416(b) as an exception to    TOOLL THE STA
TUE OF LIMITATIONS.

3.)   On or about Apr. 11th., 2006 ,Plaintiff filed  a greivance
with the Local 44 Union."AFSCME " At the Washington Blvd. Yard for
The Balto. City Dept. of Public Works beacuse, the yard Supervisors
Darryl Owens ; Robert Rittinaur, and Ray Woodley, were not EQUALLY
ROTATING  DISTRIBUTING THE OVERTIME HOURS  TO PLAINTIFF as they g
distributed to others simily situated,  as an MVD !(i,e. Truck
driver
4.)  On Apr. 13th. 2006, Super.  Owens retaliated and  for Plaintif
     havoing  filed the 4-11-06 grievance, by cursing pltf. out
utilizing the following words: "I"M GROING TO PUT YOUR ASS IN THE
MIX "  " for fing/ filing that  fucking  grievance against me "!.

facts (2)

5. )    This Union Complaint was    taken personally to  Shp ste-
ward (CHIEF SHOP STEWARD) GARY HINES   Mr. hines  accepted the
Grievance  4-11-06, with the  verble  promise that  he would pro-
cess it from his  office on bush streeet, but never took any
action on my behalf to follow through with his promise.

6.)    Exb. 1 is the 4-11-06 Actual GRIEVANCE FACT SHEET submit-
ed by plaintiff  citing  Art. 14 (c) ,  The Actual " overtime  is
Rule 15,   ,  on the same page as Rule 14  Exb. 1.1
7.)    Exb.2  Is Art, 6 " GRIEVANCE AND  ARBITRATION PROCEDURE
which gave to Deft. Hines  a legal mandate to forward and proce-
ss my grievance. .While Exb. 2.1 is the  remaining  subsections
3 and     (G)
8.)  Exb. 3 is a signed document  given to me by Mr. Hines on
Oct.    , 06 "city of baltimore  grievance report where Sop Stewar
Gary Hines  where he actually tells your honorable court about
the corruption of  Deft. CONNIE WILKERSON  and is quoted herenow
     "Attn : Mrs . Shirley Williams    Mr. Calvin  Childs-Bey  co
nfidential  meeting  with the employees Assistance  Program was
violated when ........" ME. CONNIE WILKERSON ANMD THE COUNSELOR "
made herself- -referral  but Ms. Connie Wilkerson  had (sic) head
made a  supervisor referral  twenty later ,how can she  do that
and " NOT LET MR. CALVIN KNOW ABOUT THAT WHEN  MR. CALVIN CHILD
S _BEY  ask why she change the referral Ms. Connie said it was c
confidential that dose not(sic) make scents(sic)  and also a vio-
lation of Article 30 of  owe contact(sic).
Suggested Remedy: Mr. CALVIN CHILDS _BEY  be made whole.
Sig. (s) Employee Calvin Childs- Bey
Employee Representative Sig.  Gary  Representative

9.)    Exb. 4 is one of two documents  given to plaintiff on Sept.
16th, 2010 Thursday by Administrative Law Judge The Honorable Je-
ff Conen at a  Job- Termination hearing  Hearing , involving the
se same  claims and issues presented today. More particularly, Th
ese documents  were presented for the fisrt time  that 9/16/10 by
Defendant  Dr. Levy, via their attorney Mr. Justin; as very hea-
vy and relevant evidence  about the core of the arguments.  Spe-
cifically, Doctor Levy admitted on that record that this is THE
FIRST TIME  that he was told by anyone to deliver these two doc-
uments for any reason, which includes   " what the  controversy
was that establishes' casue for termination. "

10.)  The recokrds herein presented all will prove that it was th
that  plaintiff must obtain a "  new cdl ";  and today  we are pl
acing in a box  the entire  contents of the  documents for this h
honorable  court's viewing discretion :........................
1---"--------------------------------------------------------T
1  "Service requested :  Please check only  1  box            1
1  X  OTHER                                                   1
1  Requested by Victoria T. Walker  Generalist II 410-396-3331 1
1  Designated HR Authority Dr. Lorenzo Hester   H.R. Executive 1

FACTS CONTINUED    EXTRA %

```
1-------------------------------------------------------------1
1 410-396-3331                                                1
1 Health classification with respect to physical/ mental  require
1 ments of the job                                            1
1                                                             1
1        "Mr. Childs -Bey  has a long standing chronic med-   1
1        ecal  disorder(s)  that interfere with his ability   1
1        to perform in a regular, reliable and safe manner    1
1        of the duties of  a heavy equipment  operator; as an 1
1        aside,  he CURRENTLY IS NOT ELIGIBLE TO CARRY A       1
1        MEDICAL EXAMINER"S CERTIFICATE ",Mr. Childs -Bey has  1
1        indicated that it is his intent to seek " Job Trans   1
1        fer" or retirement . It was starongly suggested rec-1
1        ommended to the geneman getalman that he " continue  1
1        "with INTENSIVE  TREATMENT BY HIS P   E   R   S   O   1
1        N   A   L   P   H   Y   S   I   C   I   A  N AND      1
1        THE  M  E  N  T  A  L  H  E  A  L  T  H               1
1        P  R  O  F  E  S  S  I  O  N  A  L ........           1
1        WITH WHOM HE HAS BEN?BEEN FOR SOME TIME .  While      1
1        Mr. Childs -Bey  IS NOT A THREAT TO HIMSELF OR OTHERS 1
1        to the disruptive nature of his encounters with fel-1
1        low employees  and his supervisors, it is recommen-1
1        dedd that he NOT RETURN TO WORK pending alternatives1
1        as outbined above Name : James D. Levy M.D. 7/7/09    1
1-------------------------------------------------------------1
```

11.)   At the Sept/ 16th. 2010 Hearing before Judge Conen, Defen-
dant Miles Woodhouse  Hum. Res. Exe. Testified about this doc
ument never having been released to plaintiff or to his Union  Re
presentative  Defendant Trevor Taylor ? Mr Woodhouse , said he wa
not able to  given an answer to that question (to judge Conen);
H.R.Exec. Woodhouse also testified tjudge Conen  taht/that he
was told that Plaintiff Childs -Bey was being terminated for not
obtaining " a new cdl "  And that he     " DOES NOT KNOW WHAT DR.
LEVY MAEANT  BY CHECKING  X TO  OTHER"  Plaintiff argued before
Juege Konen  that " because these two documents Exbs. 4&5 have
been fraudulently concealed from him for  MORE THAN ONE YEAR " an
since Dr.Levy had effectively given himm the permit to  have his
PRIVATE DOCTORS  OVERRULE  any adverse  findings by Dr. Hester o
or Levy himself,  ? Such Withholding  coneald  his "cause of acti
on "  in a fraudblently manner "     Woodhouse exclaimed to ju
dge Conen that " He's not taking any  accountability for Exb. 4
because it DID NOT SPECIFY TAHT IT WAS FOR A NEW C  D  L "

12.)  Exb. 5 Is a second"Health  Classification"from Dr. James D.
Levy dated 10/12/09 if cleaRLY  identifies that  the SERVICE REQU
EST is for  " CDL New Certification The Requestor was  Christine
Hoolpe Admin. Officer at 410 396- 7750 it is quoted as stating
"  After review and examination and based  on the findings and
information provided, Mr. Childs -Bey does not meet the es-
tablished standards dor DOT Medical Examiner's Certificate."

FACTS CONTINUED EXTRA¢            6

13.)   In contrast, plaintiff wants to  display to your Court  Ex
b 6 A letter dated 08/13/07 from the City,s  Defendant Ms. Conni
e Wilkerson Admin. Off 1 which is more  correctly waht Dr. Levy
Dr. Hester and HR.Exec. Woodhouse should have done  ,Which was to
have   " specified with clarity " what thek terms of his status
were and to have had him co co-sign. quote" This letter serves as
               Notification  to you that a light duty assigment is av-
               ailable for you on August 13, 2007 that you are  releas
               ed to light duty FROM THE CLINIC" Therefore, on that da
               te you are  to report to Ms. Connie Wilkerson along wit
               with your clinic slips to the Park Terminal Building 2n
               nd floor at 2331 N. Fulton Avenue, for you (sic) light
               assignment. Sincerely Connie Wilkerson


14.)   Exb. 7 is My proof of a forgery of my signature  by someon
one  on 4-22-08 " FUEL DISPENSING REPORT"  I reported to  Mr. Eug
ene Scarpulla Watershed Manager that  persons stealing fuel from
the yard  at signature   (11) That My handwirting is at Sig. no
(4) in print, and asked for a test of my hand print comparative
the  signature at (11)?

!5. )   Exb.8 "COMPLAINT CONCERNING SLEEPING "  Mr Scarpulla  Dat
ed Jan. 16, 2009is  quoted"
                          In Para. 1, you mention ags keys and
employees barrowing equipment. These two issues were addressed wi
th you  on several occasions  months ago. As I have stated each
time  you have brought up the issue  of the gas keys, Mr. Anderw
L. Morris ( Heavy  Equipment  Operator II and the acting Watershe
shed Maintenance Supervisor at hat/ that time)    " disvocered th
at gas  was MISSING  on TWO  CONSECUTIVE  gas sheets. I  addresse
ed  this by having the lock changed on the Watershed  gas pump.
I also instructed Mr. Morris that since  we were retating through
Six acting Watershed Maintenance Supervisorsd   , that I wanted th
the two  employees with the  most seniority to have keys to he  h
the gas  pump so that thete  would be  accountability for the gas
supply. The two  senior  employees aT THE  LOCH RAVEN   (    )
at the time were Mr. Andrew L.Morris and Mr. Gary A.Squires . Bot
bothxwexexxAckingxxx  Both were Heavy  Equipment  OperatorII's an
d  both wereActing Watershed Maintenance Supervisors for a four -
week period, .
at page 4 of that Document  Mr Scarpulla wooote " Mr.Blatterman an
d  I  looked at the signatrures on the gas sheet and it appeared
that your signature was YOURS but that  Bernard Jones " signa-
ture  was bx  not his . In response to this Mr. Marvin Payne , t
the newly promoted  Watershed Maintenance Supervisor , set up a
new procedure for obtaining gas. Mr. Payne assigned Mr, Edward
Braady the Duty of Fuel  attendant, ( so that Mr. Brady would be
responsible for the fueling of ALL  vehicles. )

Facts cont.     EXTRA

16.)    Fast forwarding to Exb. 9  Affidavit   statement of unsworn
facts by Mr.  Bernard Jones  "RETALIATION AND DISCRIMINATION a
3-pages document,   Referencing further Exb. 8  ,pages 2and 3 as
to  encounters with Mr. Marvin Payne; " you allege that Mr. Mar-
vin Payne was asleep om the front porch and would wait for you
to walk onto  the porch so that he  could " JUMP UP  AND ENTER TH
E  BUILDING  BEFORE YOU , AND THEN   SLAM  THE DOOR IN YOUR FACE.
I discussed this matter with Mr. Payne, who said this incident
NEVER HAPPENED. This document (8)  proceeds on page 3 into  the
confederation of Mr. Payne withMr. Blatterman; Mr. Scar½ulla
himself, Mr. Andrew Morris; Mr. Gary Squires and  thier (LA_
BOR CREW LEADER Mr. thomas j. novak)  " Additionally , Plaintiff
noted by the writings of Manager Scarpulla  that he and his frien
ds participated in  providing  elicit unjust OVERTIMES  in thier
friendly  associations, which they categorically deny. .

17. )    Exb.9 is quoted on the pages 1 and 3  ,page 2 is current
ly  amist  my other many exhibits  , which will be  redacted and
properly  presented to your  Court.
                        " To whom it may concern :
        This letter is being submitted under protest in regards
        to the  selection  position for the Watershed Maintenan
        ce  position  Supervisor. This letter will show that a
        pattern of perfrmanmce that will provide some insight by
        supervision  that their actions  influenced the outcome
        before , and after that interview. I will state the fai-
        lures of supervision behald as fllows:
        1.Supervision created a hostile work environment.

        2. Failure to investigate written complaints  (Biased).
     3  Conflict amongst employees.

        4. Inappropriate comments and or enbecoming.

      5 Interfering with training and grwoth of an empoyee

             ( misleading information)

conti nued: " Dear Sir or Madam :  On July 31, 2008,Mr. Marvin
            Payne( out of tile/tile supervisor) and Mr. Calvin
            Childs- Bey were ainvlved in an argument. Assistant
            Manager  Steve Blatterman reported to the Lock Rave
            n/ Raven Yard in response to that argument. In retu
            rn, Mr. Blatterman asked me ( Bernard Jones) If I
            refused  Marvin's orders, I replied " No Sir". After
            speaking with Mr. Payne and Mr. Childs- Bey, Mr. Bl
            aterman approched me  and asked" why as  is Calvin
            so upset. ?  I stated " Sir, all this could  have
            been avoided if you would have reassigned  Calvin t
            to another detail or , had my crew complete  this
            assingment, because " you had knowledge"  that Cal
            vin ordered Marvin days earlier to the same detail
            when Calvin was the " OUT OF TITLEM SUPERVISOR AND
         MARVIN REFUSED THE. SAME DETAIL" , andx when ,Marvi

Facts Cont.    extra    8

When Marvin refused Mr. Calvin  orders , Marvin WAS
REASSINGED BUT NOW YOU  WANT TO SUSPEND CALVIN" .
Then he statd/stated" you can leave the yard."

18,) Exb. 10  gives special reference to the admitted wrongs  by
Mr. Marvin Payne  of some rather  serious  events .  This is a
afx or e-mail from Mr. Luke Brackett  Ofwhich two County Police o
officers are witnesses and is highlighted in yellow" Marvin arriv
ed        " and stated taht he  had calosed the gates. Healso
told us ( myself and two County officers) that
HE HAD  REMOVED THE BATTERY FROM THE TRUCK AND THAT
IT WAS   NOT STOLEN. "   I mentioned to Marvin that
Calvin Had just left and Marvin stated  that he had
seen him and TRIED TO STOP HIM  to talk to him but
Calvin would not stop.  "ONE OF THE County OFFICERS
MNTIONED THAT HE THOUGHT  CALVIN HAD MENTIONED SOMET
HING ABOUT  BUYING A BATTERRY FOR THE TRUCK so I
R  E  Q  U  E  S  T  E  D  HIS NUMBER FROM KKKXXXX
MARVIN and then called Calvin on my  City Cell phone
to advisethat THE BATTERY HAD BEEN LOCATED.

19 Plant. Exb. 11 is a letter Diana Eapen, Social Worker co-signed
by me  dated May 5,2009 Addressed to  Mr,. Glenard Middleton c.c.
Gerald W. McEntee; Eapen works for the "East  Baltimore Medical
Center Amd.  1000 E. Eager St. Balto.,Md. 21202 410-522-9800, a
political Subdivision of  "johns hopkins community physicians

quote"..[.i.e. about  Childs -Bey's attempts to file form remedie
e ]        quote:"....This is the SECOND LETTER I AM WRITINGto yo
ur office in hopes that an issue with Local 44 May be addresse
d . Both Mr. Childs -Bey and I are writing  to your office to
ALERT YOU to Mr. Calvin Child-s  -Bey's  issues in the wokr-
place at the Baltimore City Dept. of Public Works. Mr. Childs
-Bey has  tried to resolve the issues by  " CONTACTING THE UN
nion, but has not had any  adequate response. __ . In the past
grievances have  seemed to result in " MEETINGS" ; :"WRITTEN
GRIEVANCES"  or " SETTLEMENT" documents produced by the employ
er stating that the issue was addressed. However, Mr. Childs
-Bey  had  not signed and documents STATING AGREEMENT,  SATIS
FACTION, AND A C K N O W L E D G E M E N T OF
RESOLUTION.

" Please  note that i  the past I     Have referred many individua
als to their union for resolution of disputes  and complaints.
Per Mr. Childs - Bey's report, he had on March 27, 2009 (sic),
gone to see his Dhop Steward TERVOR TAYLOR to  FORMALY REPORT
GRIEVANCES.  He was told by Mr. Taylor that he ......" did not
like" Mr. CHILDS _BEY" That Mr. Childs -Bey was " NOTHING TO
HIM" ,  and most grievances regarding workplace violence, overti
me, suspension without proper paperwork, and safety issues res

ulting from lack of manpower. I have confidence in your role as employee advocate and hope that you may offer timely guideance and assistance to Mr. Childs -Beys s issues.

20.)   Exb. 12 is a letter from _____ of the City of Balto. 's Reservoir Nat. Resor. Sect.5685 Oakland Rd. Eldersburg Md. to Mr TREVOR TAYLOR ADVISING THAT Mr.Childs -Bey had been "RETURNED TO WORK FOR   L..I..G..H..T..   D U T Y "as the result of pee   p e r s o n a l   d o c t o  ✓ 's   determination . I.E/. The same type of Doctor s that Dr. James Levy would refer him to as of 7/7/09. Exb. 13 however, re quired that I be returned to the workplace o n l y   if were " FIT FOR FULL DUTY".

21.)       In regards to the Demand by Dr. Hester and other defen- dants to PLACE A  BURDEN UPON PLAINTIFF  REQUIRING HIM TO APPEAR AT  MERCY HOSPITAL AND OTHET MUNICIPLE BUILDINGS IN ORDER TO, GET ETS?TESTS DONE : TO QUALIFY  FOR WORK , OR NOT TO BE ALLOWED TO PERFORM CERTAIN LEVELS OF WORK PRODUCTION ?     Please see Exb.13 ? Dated July 14th, 2009 by Deft. Christine E. Hooper ? Wherein , she references plaintiff having  met with Dr. Hester , and meeting to be held with Dr. Hester. Most important is paragraph 2 where She is quoted   "WRITTEN NOTIFICATION   DURING YOUR ABSENCE YOU ARE  N..O..T   T O G O T O   A N Y O F THE " "'DEPARTMENT OF PUBLIC WORKS       F A C I L I T I E S

22.) In fact  on July 1st , 2009, Dr. Hester personally  PP OREDRED plaintiff not to appear at any of the  City's buildings even while  commanding him to  go to Mercy Hospital to see Dr. Le vy for mental and physical examinations.  And on that same date I placed Mr. Childs-Bey's photograph SRMx on City Buildings abd/ and specifically, instructed the security guards at eac facility to  PREVENT MY ENTRY. .

23 #.)Mr. hoopper also ,in another letter  omitted 10 of my Family medical leave Act days , based on false information. See letter dated _____ from her  advancing the fale facts  qoutedhere "_____

_____

Symultaneously, she and Hester acted to terminated work and did n not give the "REQUIRED"  medical doctor to visit prior to their taking suchh action.

24.Congress of the United States makes it a crime  at Title 18 U. S Code Sect. 1505  worthy of  5-years in prison  for " OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES, AND COMMITTES . I.E. Fraudulent concealment  of material facts.

Facts Cont.   Extra   10.

25.)    I note that  ( it was  City Attorney Mr. Justine who pres
ented exhibits   4 &5 to Judge Conen on 9/16/10 to prove  that I w
was supposed to   meet a specific requirement, and judge Conen
and Traver Taylor  focused on the term    " OTHER" and Mr. Miles
Woodhouse  rejected his own City's point of reference as vague
and unreliable for himto adopt. That is on Tape.

26.) Exb. 14 is  is a May 27th , 2010  " UNEMPLOYMENT INSURANCE
APPEALS DECISION"  by the Honorable  S.B. KARP, Esq.
Hearing Examiner for the Maryland  Department of Labor licensing
and Regulation 1100 N. Eutaw St. Rm.51 Balto., Md. 21201 (410)
767-2521  App.No. 1016789
Judge Karp is his      '"PREAMBLE " stated:  'it should be noted th
            at there is SUBSTANTIAL CONTRADICTION as to the "EVI_
DENCE and testimony as between the claimant and the employer's
representatives. THE FINDINGS OF FACT  are based upon the COMPE_
TENT EVIDENCE" as determined by the Hearing  Examiner.

27.)   At page 3 -4 Judge Karp reached his "decision" herenow
quoted: "IT IS HELD that the claimant was discharged, but    n...o
t   for misconduct  connected with the work within the meaning of
Mds. Code Ann. Labor & Emp. Article, Section 8-1003. NO DISQUALIF
CATION IS IMPOSED  based u;pon the claimants seperation from empl
ymeny with the above- identified employer. The claimant is eligib
le for benefits so long as all othet eligibility requirements are
met.   The claimant may contact Information Service concerning the
other eligibility requirements of THE LAW at ui@dllr.state.md.us
or call 410-949-0022 from the Baltimore region, or 1-800-827-4839
from outside the Baltimore area at 1-800-827-4400

The determination of the Cmai/claims Specialist is affirmed.

28.)   Exb. 15Is a  letter from dr. Shaline Rao , M.D. of the Eas
t  Baltimore Med. Cen. Dated Mar. 25, 2009 to the " Dept. of Pub-
lic Works  Doing exactly wht/ what Dr. Levy  ordered 7/7/09 desig
nating  My mental and physical  injuries regarding the ability or
inability to work by specif  Level of performance. She noted :
" After several CAREFUL VISITS"? ;she kaxx  determinedpatient is
SUFFERRING from major depressive disorder and hypertension. The
symptoms of these diseases include 'elevaed blood pressure, in-
somhia and depressed mood.      And,  she noted herself and two
other Doctors as his care givers . That as A GROUP" " they ade /
are working on a medication  management; that they EXPECT A FULL
RECOVERY .I recommend part -time  work for 1-2 weeks and then a
return to full time work by 5-15-09.

29)  Exb. 16 is a 6-paged document  marked "CONFIDENTIAL" from dr
Micheal Heitt, Phd/PsyD dated9/15/09as a CLINICAL ASSESSMENT for
Calvin Childs - Bey at page 4  The Dr. reported:'Patient is not

Facts cont.      Extra 11

to wok in his current placement. With respect to RISK ,Dr. McGee
stated that he recommendedxx   does not feel patient is "Poised
to retaliate", and he listed several " redeeming qualities" incl-
uding his treatment COMPLIANCE" ,Involvement in 12-step meetings
avoidance of violance and legal involvement for years, etc. "
      Dr. Heitt's letter concluded" PATIENTS REPORTS REGARDING
INJUSTICES  S   E    E    M    C    R    E    D   I   B   L   E."

30.) At page 5 'CONTACT NOTES" Dr Heitt " Recommended that pati
ent be "returned to duty BUT    TRANSFERRED     to a location /
supervisor where his reputation DOES NOT PRECEED HIM:, meaning
that wexa    attempt to avoid seeing patient for FAILURE.
[ dr. Hester indicated his understanding  of this recommendation
"BUT S T A   T   E   D THAT HE IS' BEING TREATED AS AN ADA CASE" for
psychiatric disability "S   E   C   O   N   D   A   R   Y   TO
the letter from his PCP. I suggested that Pt. be contacted
to i n  q   u   i   r e about a r e e v a l u a t i o n
by his PCP  about the INITIAL REQUESTED WORK LIMITATIONS. "


31.)    ******* Exb. 17 is a statff member's  handwriting  ( who
's  signature ) will be discovered, of the City  particularizingt
to plaintiff  that his mission and the City's  mandate was for hi
to secure  " d.o.t. RE   CERTIFICATION.  "  i.e. Not : "A NEW
CDL  as otherwise  mandeted by Dr. Hester and Mr. miles woodhous
e Woodhouse  disclaiming Dr. Hester on 9/16/2010  upon the relea
se of Exb 4( OTHER)  designation

32.) Exb. 18 Is a DOT ( department of transportation's ) GREEN S
SHEET Alclhol testing form  signed by Dr. Levy verifying  my re-
sults as "  .000 dated 9/8/09 co-signed by TRACEY  THORNTON,  Alc
ohoc TECNICIAN "      I see this as my validation that they saw
me as not being an alcoholic not able to manage work assignments.

33. )    Exb 19 is Doctor Hestor's 9/24/09   handwritten note to M
Mercy Medical  301 St. Paul  Pl. Seeking My  Medical Files in vio
lation of the "waxxx    "HEPPA LAWS "  via Tara Herbert M.D. an
hester directed her to SEND BILL TO ME  (Calvin Childs-Bey at
5025 Westhills Road Balto, Md. 21229. Hester's mark 's as  h.r.

34. )   Exb 20  is evidence prima facie that I signed via Dr. Whit
e and  Dr. Grady ,Dale  to trun to  over to Dr McGee and Dr Heit
all of my Medical Records.  But Mercy Would not release them to m
my 2 chosen physicians.

35xxxxxxxExbxx21xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxpagexdocumentxxxxofxdadtaxxorxfa
xxxxxxxxxxxxcompxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Facts Cont. Extra 12

35.)   Exb.21 is  A Chronology of factsx  plaintiff put togather
to the best of his ability outlining a  sequence of events of
2-21-09 where deft. Marvin Payne THREATENED HIM  with the languag
" sooner or later Calvin they're going to get you   That this  do
ment demon sttartes a  connection with Deft. Regina Grande Brown
in his Past 2008 back to 2006 activities of deiscrimination and p
stx post 2008  activities   ( spilling over into the years of
discrimination and persecution; ; How his overtime was cut; how
he filed grievances against Mr. Darryl Owens; how he was   " SET
UP "  for violence in the work place; how Mr Robert Rittenour
came in behind  him and slamed a door on his shoulder; How he re-
ported Gary Hine s of <u>Making deals   </u>; and double dealing; ; then
" won a grievance at the Labor Commission of/for "OUT OF TITLE'
     Page 2 of these facts identify My  remembrance of  my reporting
GAMBLING: MR. PAYNE TAKING A  BATTERY OF MY TRUCK:   " RUNNING
ME OFF THE ROAK, "  <u>a factx  mr. Payne admits to in  other docu</u> ...
ments; staff having weapons on the  job;  stakealing gas; sus-
pending me for a job; no Union  representative  present;  etc.


36.)   Exb/. 36 is a 6-paged document at page 1  plaintiff recall
his  claims of having been denied Due Process because a slew/ slu
of City Human Resources  supervisors and  Union workers  by KNOW_
LEDGE OF  one anothers  individual efforts  and concerted efforts
to d  e   n   y   me access to a grievance , Namely: Miles Wood-
house; Trevor Taylor;  Marvin Payne; Stateve Blatterman; Gene Sca
rpulla; Ralph O. Cullison III, Keisha Powell; Dr. Hester; Guye
Robert;  Christine Hooper;  Andy Morris, ;G. Squires;  Kyle Ellio
tt ( ELLIOTT ALSO BEING THE MAN WHO  CALLED ME A B  I  T  C  H
was told by our Supervisor on 2-10-2010 she would handle it on 2-
11-10 ) Eliot to file a  false charge  before Super, Pamela Keys
could make it to work; got involved  AN OFFICER OF THE BALTIMORE
CITY POLICE  WHO MADE A <u>NO FIDING  </u>;; other persons preventing
remedies for grievance are  :Monica Wilson; Dorothy Bryany; Lo-
yl Thomas; Dr. Levy; Luke Brakett;  Debora Moore -Carter;
     It is pointade out to your Court that on 9/16/2010 Supervisor
     Paula Keeys  testified before Judge Conen That on ( nemerous
<u>occassions  Kyle Elliot  threated/ threatemed  employees that he</u>
would his father and Mrs. Brwown to fire them ) and she terminate
d him for  1-day for his misconduct.
     These factual notes  at page 2 I noted : How can I BE AT
WORK  and be marked present on June 26, 2009 and on ADMINISTRATIV
E LEAVE AT THE BSAME TIME ?  That Dotothy Bryant July1, 2009
to file a grievance against Dr. Hester , Bryant promised she was
going to get a Lawyer and get me BACK TO WORK:  BUT  DR. hester
refused to hear the grievance ;   I point out that : CONTACT NOTE
S  OF 7=15-09 MAKE  REPORTS REGARDING  INJUSTICES  SEEEM CREDI_
BLE.:page 3, " Hester stated taghx  that I was unable  to satisfy
the requirement set forth in 49 C.F.R. Ssct. 391 required by FEDE
RAL LAW / regulations to MAINTAIN A COMMERCIAL DRIVER"S LICENSE
(c d l ) which isxm  not true. ; Dr Levy disclosed  my confiden
tial  EAP Med. Record to Dr. Hester WITHOUT MY PERMISSION on 7-
31 -09. ; Ralph Cullison  Division Chiek III put the rumor out at
89x   Montebello that "<u>i was telling</u>"

Facts Cont.    Extra 13

That Super Paula Keys took notice that Sam Rolph Cullison is the
mans whom I reported for having "SHOTGUN SHELS " i.e.  " VIOLEN_
CE IN THE WORKPLACE:   that Bradin Timothy a 9;37 a.m sent an
(email   to Mrs. Keys and others that" THEY WOULD BE GEETING ...
LABORERS IN A FEW DAYS WHO D O   N O T   H A V E  V A
L I  D      DRIVERS LICENSE  "AT   THIS    TIME ".
Sqir/ Squires   "GAVE AWAY CITY PROPERTY"
    Blatterman did write a memo  and allowed Payne, Morris; Sq-
uires , Novak to "BE INSUBORDINATE AND GAMBLE ON THE JOB.:
Woodhouse denied me thew rightto have  Mrs. Cassadra Stewart or
dr. Doughton ADA Coordinator  to be at my Pre-termination confe-
rence. ; woodhouse paid Kyle Elliot  for the entire time he was
out; Never sent him / Elliot or me to EAP;    Taylor, Bryant ,Tho
mas   all Union repersentatives denied me my right of  Due Proces
of filing a grievance gives management ANOTHER CHANCE TO NEGATIVE
LY IMPACT HARDSHIPS THISM  TIME, ONE OF MY SONS HAVE   CANCER. "
RoBert  Guye , was aware of my rights being violated     each   ti
me as   INVESTIGATOR , AND DONE NOTHING.

    37)    At page 5 Exb. 22  " On 7 -1-09 managementconsultant Dr.
Hester gave a medical DIAGNOSIS he stated thata patient has been
acting  INCREASINGLY PARANOID and he and the worksite   fear  he
is a danger to himself or others; On 6-23-09 Mercy Clinic had pre
viously overruled Dr.Hester and ordered " BRING ME BACK TO WORK:
on 6-24-09,on 6-29-09 I was SENT HOME BY Dr. Hester;  Most out-
stantdingly.........on 7/7/09 Dr Levy Hester's Respondiat
Superior wrote  Never a threat to himself nor others, always po-
lite and respectful

38.)   Page 6 I concluded: "I am asking for a  grievance to be fi
led against Ralph O. Cullison; Keisha Powell; Miles Woodhouse, Dr
Hester and the Union for  making special Deal to get me terminated
I would like a response in writing.

39.) Exb. 23 is a 2-paged  historical account of facts I  compiled
acquaints this court with   manipulation of my files  by Christin
e  Hooper  and Marvin Payne ,I had to call the police about Marvi
Payne refusing to give me an incident reportK

40.)   Exb. 24 is a RETURN TO WORK  itemizations list  pages 1; 5
and 6 of 7  , It treats with directions to follow and identifies
definitions of  teratment personel and  processis to follow in or
der to qalify for certain  status  I wasR denied most if not all
of such requalifying  remedies .

41.) Exb. 25 is an Aug. 4,2010 letter from plaintiff to Mr. Ge-
rald Kiel U.S. Equal Employment Opportunity Commission  field off
ice That Lisa Jones (investigator)  did " not include me in  or
make me aware of processes and findings of each investigation on
any occasssion.

facts cont.    Extra 14

42 Exb. 26 is Cert. letter from Christine Hooper    serving no-
tice to me  Setp. 3,2009 of Rescedlu for Sept 8, 2009 at Mercy
Clinic , while sym ultaneously Dr. Hester had my photographs up
in all such facilities telling the lox police to not let me in .

43.)  Exb. 27 xx is  a letter from PsyD Dr Haitt Clinical  Psy-
chologist advising me to  some in and meet him  " face -to- face
before giving consent to release records.

44.)    Exb 28 is Deborah F. Moore-Carter's certified letter of Oc
tober 8th 2009,  noticing to me their command for me  to " take
corrective action to remedy or cure the reason stated for disqual
ification; Provide a statement from a Board Certified Physician
that is acceptable to the City's Medical  Director ( i.e. Dr.Levy⟩
that you cured the disqualifying condition;
apply for and pass the physical for another City Position such as
laborer(482/423) or another appropriate alternative position with
in the department provided there is s vacancy. "
'"if not you will be  DISCHARGED FORM YOUR EMPLOYMENT WITH THE
CITY ON Feb. 4, 2010.

45.)  On Feb. 4-11th 2010 Plaintiff wasx  employed with the City
notwithstanding the above mandate .

46.)    Exb. 29 is an Oxct. 22, 2009 · leter from me, to Mercy Med
ical Center authorizing them to release my  medical records to my
Union  Coulcil  employees. I.E. My Trevor Taylor  etc. to enable
them to represent me and protect my job. Dr. Levy's 7/7/09 lette
ers did not reach Mr. Taylor until 9/16/2010, released by Judge
Conen.

47.)   Exb. 30 is the AMERICAN FEDERALTION OF STATE COUN TY AND MU
NICIPLE EMP₺LOYEES ,AFL_CIO Union President Clenard S. Middleton
's px leter to Doctor Hester Dated Nov. 4th , 2009,  under laws
    : " We are requesting a meeting IMMEDIATELY ABOUT Calvin Chi
lds _ Bey back money and lost time from the time  his doctor re-
leased Mr. Bey, back to work. And we also like to ask that Mr.
childs -Bey BE MADE WHOLE"

48.)  Exb 31 is a 4-paged letter  from the "society of moorish-Am
erican's School of Moorish Law & History,Inc. - # 13,Baltimore,Md
Dated Dec. 29th 2009  to Ms. Deborah  Moore-Carter Serving Civic
Notice to her of her " PURPORTED  REMOVAL OF PLAINTIFF CHILDS_ BE⸣
 Dated Oct. 8 ,2009 as a  b u s i v e " And setting forth
the evidences of why her reasoning was condemned

49. )    Exb 32 is pages 8,9,and 10 from  a handwritten write-up
dated 8-14-09 from Dr. Tara Herbert M.D. under the  subtitle of
"WORK ENVIRONMENT AND STANDARDS 321 P.M. quoted in totatility
"at 8 "   (1) Major depressive disorder with anxiety
         (2)  hypertension    *3)  Chronic remal insuffieniency

Facts Cont.    Extra 15

50.)    Dr Herbert    in para 2 page 8 continues :" Mr. Childs
-Bey is physically able to perform all of  duties described. He
is currently off the medications which had IMPAIRED HIS ABILITI_
ES , and his depression symptoms "ARE CONTROLED": Has continued
ability to perform these duties ; will reqiuire continued .....
.....MEDICAL SUPPRESSION ......and psychotherapy with a  focus
on managing  stressors "in his work environment '
51.)  At page 9  Dr. Tara stipulates to the record " This condi-
          tion is chronic , and may again be excerbated if subjec ⌐
          ted to UNDUE PSYCHOLOGICAL STRESSORS IN THEM  WORKPLACE \\

52.)      Under Para. 5 page 9 Dr/. Herbert with more specificity
          clarifies : Essential duties and physical stressors shou
          ld not   aggravate his condition . " Then emphasized:
          " IT IS IN THE SETTING OF P..S..Y..C..HH.O..L..O..G..I _
          C..A..L    S  T..R..E..S..S..O..R..S       THAT HIS
          DEPRESSION WAS TRIGGERED."

53)*******  Dr. Herbert's"upshot"   on the diagnosis and treatment
is best  depicted at page 10 Para.10   quote:" He would  benefit
apart from his previou supervisors due to  the SIGNIFICANT STRESS
ORS  EXPERIEMCED ,    BUT ,   CAN perform all  essential duties of
his job. "  Her License # is D62589    as  Internal Medicine  Pr
actice . 1000 E.Eager St. Balto, Md. 21202 410-502-8493.

  54.)  Mr. gerald Walker a residend of New York City   wo  witnessoN
Marvin Payne threaten me over the phone  to the extent that
 2-25-09 The Suzpervisor    said " THEY ARE GOPING TO GET YOU!
THEY ARE GOING TO GET YOU " !  (2-times in  a row.) Exb. 48

as did Mr. Clifford  Hazel    Feb. 21.2009 Mr. Childs -Bey's bost,
Mr. Marvin Payne ; he put him on the speaker phone Marvin stated
to Calvin: eventually they are goping to get you"

55.)     Exb. 34 is an EMPLOYEE"S INCIDENT REPORT  submitted by My
Marvin Payne himself dated 2-24-09 that " While going out /giving
out  morning assignment Mr. Calvin Childs -Bey  complain of stress
said I was stressing him out, Head hurting. "

56.) Devon L. Dodson President of the Civil Service Commission  o
on Aug. 25,2010 Ordered  Me. , Trevor Taylor, judge Jeff Conen an

Miles Woodhouse to  appear  for "THE HEARING TO INVESTIGATE   the

termination of Calvin Childs Bey from the Departm

Fcats Coninued     Extra 16

texnmx
termination of Calvin Childs -Bey from the Department of Pub-
lic  has been scheduled for continuation on:
Thursday ⋈  ,Sept. 16, 2010
9:00 a.m.
Department of Human Resources
210/201 E. Baltimore Street
2nd Floor -Room 2C
Baltimore, Md. 21202.              See.Exb,35

57.)     Further evidence I received that  exebit's the conflict
of interest in the various orders I recieved from City officials
as to  appearing and taking test to determine injuries or the lack
thereof Se Exb 36  Stated" After conducting an investigation  tha
that included an interview with you , in the presence of your Uni
on  representative , IT WAS DETERMINED  that your behavior was
a dexasix  direct violation  of the Baltimore City  Workplace  vi
lence Policy.

58.)     At the Sept. 16th ,2010 Hearing , Three of  Mr . kyle Ell-
iote's witnesses stated that they heard Me talking to Mr. Elliot
on the mroning of Feb. 11th ,2010, when an alleged  assault of Mr
elliot took lace.  On the same tape , Mr. Elliot testified to Jud
ge Conen thgat  XXEOXX   I DID NOT SAY ANYTHING TO HIM ON THAT
MORNING , TXHAT I ASSAUTED  HIM AND SAID NOTHING .

5 9(.)    I deny assaulting Mr. Elliot , period .

60).   Exb. 37 is  A Jukly 19, 2010 "DISMISSAL AND NOTICE OF RIG
GHTS   _NOTICE OF SUIT RIGHTS _     signed by Director Gerald  S
Kiel of the U.S. Equal Employment Opportunity Commission  to the
tune that " Based  upon its investigation , the EEOC is UNABLE to
copnclude that he  information obtained  establishes violations
of the statutes. This does not certify that he  the respomdent is
in  copmpliance with the statutes. NO FINDING  IS MADE as to  ANY
other issues that might be construed as having been raised by thi
this charge.
id.:
Your lawsuit  must be filedWITHIN 90 DAYS of your receipt of this
notice.

61.)     Exb. 38 is an undated  statment  with  5-signatures affixed
the signatures appear to thorse of  (Oliwer Elliot) ( David Garr
ison)  ( Calvin Childs -Bey) ; (Ronald Campbell ) , and (B-
i.e.   Bernard Jones )
The statement is quoted in full::The signatures below are employ-
                              ees at Lock Raven Water Shed th
                              at are IN PROTEST  against MARV
                              IN PAYNE_SUPERVISOR. Due to his
                              creation of hostile environment
                              unfair labor  practices , that
                       _    puts "whites against balcks'_
                            Marvin Payne  allows White emp

                                            loyees to only chuffer and makes
                                            Blacks to all the  labor jobs.
                                            No matter their job status."
unquote.


62.)  Exb 40 is  YET       ANOTHER  LETTER OF NOTICE  from anothe
r  United States  Agency [ The U. S. Dept. of Labor] dated Aug.
13, 2010 to Me  declaring : "  Case ID: 1556971
qoute : " WE WERE UNABLE TO? TO RESORLVE THE MATTER."
thus,  I have no choice but to  bring  this  case before your  Ho
norable  United States Court. Exb. 41 just helps to clarify my
point
63.)    42 is verifycation of perjury from Dr. Levy that he  was n
never contacted by my Doctors.  it is Dept. px of Labor / Dept. p
of Public Works  Letter Dated 8/14/09  Contact person : Dr. heste
 to Dr herbert quote " Request for Medical Information  for  empl
yee Mr/. Calvin Childs - Bey

64.)    Exb 42 is Mr Marvin Payne's Statement of 7/25/08 that he
 quote " Only  unsafe  condition  is that the KNIVES  were  [ are
W   E   A   P   O   N S: let it be known  that T  H  R  E  E knives
have been  AT  THE   WORK   AREA   SINCE Dec. 2007 ."

65.)    Exb. 43 is an admission  Fed.  r. Civ. Proc. 36.(a)  by Gar
Gary Squires Reported to  Supervisor STEVE BLATTERMAN &_@%_)*
QUOTE : " Threre was three (3) HUNTING KNIVES  that were  found
while picking up trash, which  I       brought back to the shop.I
left in the shed. At some point, I brought into the shop. The
knives were   REMOVED FROM THE PREMISES BY Steve Blatterman.   "
     I was  requested to file a repport and give the report to S
Steve Blatterman.  " I  employee that work with us ( Calvin Child
s -Bey) think he is in danger .  "

66.)  Exb. 44 is  complaintxffxxx  evidence by Me, when the Union
stopped  helping me  Identifying my charge  ( which Alonzo Blue i
is a witness, )  that Mr. Rittenour refuxse  to sign to in-
vestigate  claims of workplace discrimination. And got rid of Mr.
Blue after July 18th , 2006.

67.)  Exb. 45 is  My Alonzo Blue 's witnessesing my filing of 4/
11/06 about    unequal    work  assigning OVERTIME.

68.) Exb. 46 Is Mr. Blue's handwritten Letter outlining their
( staff's  hostility ) against Me, Childs -Bey where they   tr
ansferred Mr. Blue to prevent him from being  an in person  wit-
ness    .

69.) exb. 47 is  a request by Mr. darryl Owens  himself, on May 1=
16th, 2006  asking witnesses Chi;lds -Bey, Alnozo Blue , Gary Hin
es and  Benjamin Thompson to :  Darryl Owens  approached us wit
with a  possible solution to the problems hehe. Per Mr. Owens "I
would like to start fresh if you gentlemen will agree       —

Facts    Continued    Extra  $18

70.)  Exb. 50 is Adm. Off. Christine E. Hooper admitting on June
19th,  2009 that  she did not put me in for leave time;  She ac-
tualally had  something to with me  being illegally removed from
the job, then made sure I suffered without that money  , but had
it paid on June 19th,2009 i.e. 9 days no money  under emotional
duress

71.) Exb 51 is  my  letter to  Mr. Himes  dated July 22% 2007  r
remmiding him that  he  engaged in conversations with  Mr. Gary
English about things that  Hines ; myself , Mr. Samuels and  Mr.
Tever agreed  would kept a secret between  us

72.)  Exb. 52 is from  Supervisor  Keith B. Owens dated June 24
2009  to me  " in  response to your  complaint concerning safety
and / or  health hazards  "  Mosh has  requested that the employ
erv  INVESTIGATE ALL ALLEGATIONS "  and copmply with Mosh stan-
dards
73.) Exb. 53 is a peculiar one , it is from Dr. Hester on Oct.23
2009 to  Defendants  Cullison , Woodhouse, and hooper  for them t
to contact me  for " GIVE HIM WORK  REPORTING LOCATION, "
This was 15 days after ,he  had the  same people to  terminated m
me.

74.)  Exhits  54  is  notice to the Hon.  Mayor  ShEila A.Dixon
Dec. 29,2009 A.D. Re; egregiously disparate treatment of this  mu
nicipal employee within the  City of Baltimore's  workplace; ; Ex
B 55 is the same notice to  The Hon Staphanie  Rawlings -Blake ,
President then President  of the Balto. City Council; and 56  sam
e letter to AFL-CIO # 67 & Local 44


The facts in this  case are so numerous and accumulative , till
all  such facts simply , cannot  be presented  to your court at
this time.  .They will be  delivered and advanced for use at  tri
al or pretrial conferences .