# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CALVIN CHILDS-BEY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  L-10-CV-2835 |
| | * | |
| DEPARTMENT OF PUBLIC WORKS | * | |
| BUREAU OF WATER AND | * | |
| WASTEWATER, ET AL., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant James Levy, M.D., by and through his attorneys, respectfully submits this Memorandum in Support of his Motion to Dismiss the Complaint of Calvin Childs-Bey.

## INTRODUCTION

Plaintiff's Complaint alleges claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.* ("Title VII"), the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* ("Rehabilitation Act"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). Complaint, at pgs. 2-3.  Plaintiff's Complaint fails, however, to satisfy the pleading requirements set forth in FRCP 8 and fails to state a claim under FRCP 12(b)(6). Indeed, Plaintiff's unclear and confusing allegations are

devoid of any facts upon which Dr. Levy could be found liable for employment discrimination.

Further, Plaintiff's claims against Dr. Levy should be dismissed with prejudice because, even if given leave to amend, Plaintiff cannot state a colorable claim for employment discrimination against Dr. Levy. Dr. Levy was not, and is not alleged to have been, Plaintiff's employer. As a result, Dr. Levy cannot be found liable for employment discrimination. Nor can Dr. Levy be found liable as an agent of Plaintiff's employer because the aforementioned anti-discrimination statutes do not provide for individual liability. Plaintiff's claims against Dr. Levy should be dismissed with prejudice.

## ARGUMENT

### I.   Plaintiff's Complaint Fails To State A Claim Against Dr. Levy.

A Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not "state a claim upon which relief can be granted." To satisfy Rule 12(b)(6), a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). These factual allegations must "raise [the plaintiff's] right to relief above the speculative level." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Additionally, a complaint must meet the pleading requirements of Rule 8, containing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A complaint that is too confusing or vague to allow a

defendant "fair notice … of the claims being asserted" is subject to dismissal. Analysis Zhang v. Science & Technology Corp., 2009 WL 6869438, *4 (D. Md. June 9, 2009); see Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (Legg, J.) (dismissal is proper where a complaint violated pleading principles because the plaintiff's conclusory accusations failed to correspond with supporting facts, placing an unfair burden on defendants and the court to determine which claims have merit and which are meritless).

Here, Plaintiff's incoherent Complaint fails to set forth any colorable claim for employment discrimination against Dr. Levy and should be dismissed.

## II. Dr. Levy Cannot Be Held Liable For Employment Discrimination.

Plaintiff's claims against Dr. Levy should be dismissed with prejudice. Dr. Levy is not, and is not alleged to have been, Mr. Childs-Bey's employer. Rather, Plaintiff alleges that his "Employer" was the "City of Baltimore Department of Public Works," Complaint, pg. 5, and that Dr. Levy was an agent of the "City of Baltimore Occupational Medical Agency." Complaint, pg. 3. Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* to refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Dr. Levy was not Plaintiff's employer, he cannot be liable to Plaintiff for employment discrimination.

Nor can Dr. Levy be held liable even if he is alleged to have been an "agent" of Plaintiff's employer (and that allegation is not apparent on the face of Plaintiff's Complaint). In Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998), a

female sales representative employed by Southern sued her supervisor and Southern under Title VII for sexual harassment. 159 F.3d at 180. The plaintiff argued that her supervisor was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and, therefore, could be held individually liable for Title VII violations. Id. The Fourth Circuit disagreed, reasoning that allowing individuals, as employer's agents, to be held liable under Title VII would be "incongruous" with Congress's express exemption of companies with fewer than fifteen employers. The Fourth Circuit also noted that every other circuit that had addressed the issue of individual liability under Title VII had rejected the notion of individual liability based upon "the language of Title VII and the fact that its remedial scheme seems so plainly tied to employer, rather than individual, liability." Id. at 181 (emphasis added). The Fourth Circuit thus concluded that an employer's agents "are not liable in their individual capacities for Title VII violations." Id.

Thus, although "employer" is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person," Id. § 2000e(b), the use of the term "agent" in the definition of the term "employer" serves only to establish respondeat superior liability upon the employer for the acts of authorized supervisors. See Lissau, 159 F.3d at 180 (stating that "the inclusion of agent in Title VII's definition of employer simply … establish[es] a limit on an employer's liability for its employees' actions"). Following Lissau, courts in this District also have repeatedly held that Title VII cannot be applied to individuals. See, e.g., Hoffman v. Baltimore Police Dep't., 379 F.Supp.2d 778, 790 (D. Md. 2005); Luy v.

Baltimore Police Dep't, 326 F.Supp.2d 682, 688 (D. Md. 2004) ("Supervisors are not liable in their individual capacities for violations of Title VII."); Erskine v. Bd. of Educ., 197 F.Supp.2d 399, 405 (D. Md. 2002) ("Erskine cannot bring a Title VII action against the individual supervisors.").

Thus, based on the well-established legal principle that Title VII claims cannot be asserted against individuals, Plaintiff's claims against Dr. Levy fail as a matter of law and should be dismissed. Plaintiff's claims against Dr. Levy also fail under the ADA for this reason. Specifically, "[b]ecause Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants." Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)

Nor may Dr. Levy be found liable under the Rehabilitation Act. Section 504 of the Rehabilitation Act of 1973 provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under *any program or activity* receiving Federal financial assistance . . .

29 U.S.C.A. § 794 (emphasis added). The definition of "program or activity" under Section 504 includes a corporation or organization, but does not cover or include individual employees of such a corporation. Rather, "to the extent that Plaintiff sues [] individual defendants in their individual capacities or seeks damages from them in their

official capacities, the claims are precluded" because "Section 504 of the [Rehabilitation Act] does not permit individual liability." <u>Young v. Green</u>, 2008 WL 4630371, *3 (D. Md. 2008) (Titus, J.).  Thus, Mr. Childs-Bey cannot maintain a Section 504 suit against Dr. Levy.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.

Respectfully submitted,

_____/s/_____
Peter E. Keith, Fed. Bar No. 01983
pkeith@gejlaw.com
Steven G. Metzger, Fed. Bar No. 28492
smetzger@gejlaw.com
Gallagher Evelius & Jones LLP
218 N. Charles Street
Baltimore, Maryland 21201

*Attorneys for Defendant James Levy, M.D.*

Date:  December 9, 2010