**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | | |
|---|---|---|
| Calvin Childs-Bey, | * | |
| Plaintiff | * | Civil Action No. L-10-CV-2835 |
| v. | * | |
| Department of Public Works Bureau of Water and Wastewater, *et al.* | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Local 44, a/w the American Federation of State, County and Municipal Employees ("AFSCME") Council No. 67 ("the Union"), by its undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss the Amended Complaint of Calvin Childs-Bey.

## I.   PROCEDURAL HISTORY

On October 13, 2010, Plaintiff filed a Complaint with the Court against the Department of Public Works Bureau of Water and Wastewater, Dr. Lorenzo Hester, Steve Blatterman, Gene Scapulla, Edward J. Brady, Marvin C. Payne, Regina Grande Brown, Debra Moore Carter, Dorothy Bryant, Trevor Taylor, Glenard S. Middleton, Ralph Collison, Miles Woodhouse, Connie Wilkerson, Christine Hooper, Gary Hines, David Scott, Gary Squires, Andrew L. Morris, Luke Brackett, Robert Guy, James D. Levy, MD, and Kyle Elliot.  *See* Paper 1.   This initial set of

Defendants included employees of the City of Baltimore, a doctor at Mercy Hospital, and four individuals who worked for the Union. The Union was Plaintiff's exclusive bargaining representative under the City Municipal Labor Relations Ordinance. *See* Baltimore City Code, Article 12. These "four individual Union Officials" are Glenard S. Middleton, Union President; Dorothy Bryant, Union Vice President; Trevor Taylor, Union Shop Steward; and Gary Hines, Chief Union Shop Steward until 2008 and current employee of the Baltimore City Department of Public Works.

On November 24, 2010, Defendants Bryant, Hines, Middleton, and Taylor filed a Motion to Dismiss Plaintiff's Complaint. *See* Paper No. 6. On December 3, 2010, City of Baltimore Defendants also filed a Motion to Dismiss Plaintiff's Complaint. *See* Paper No. 8. And on December 9, 2010, Defendant James D. Levy, MD ("Defendant Levy") of Mercy Hospital filed a Motion to Dismiss Plaintiff's Complaint. *See* Paper No. 10.

On December 15, 2011, Plaintiff Calvin Childs-Bey filed an Amended Complaint.[1] *See* Paper No. 13. In the Amended Complaint, Plaintiff "amends his complaint to add the Mayor and City of Council of Baltimore ("City") and Local 44 of the American Federation of State County and Municipal Employees ("AFSCME" or "Union") as defendants and to remove the individuals previously sued in this matter." *Id.* at 1-2.[2] Thus, as part of Plaintiff's amended complaint, Plaintiff

---

[1] This Amended Complaint was not served on the Union until February 16, 2010.

[2] Plaintiff's Amended Complaint does not comply with Local Rule 103.6(c), which requires the filing and service of "(1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."

removed the individuals as defendants, including the four individual Union Officials, and added the Union and Mayor and City Council of Baltimore as Defendants. On December 16, 2010, because Plaintiff's Amended Complaint removed the previously named individuals as Defendants, the Court ruled that the Motion to Dismiss for the Union Defendants and the Motion to Dismiss for Defendant Levy were moot.

In his Amended Complaint, Plaintiff attempts to bring against the City an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et. seq.* ("Title VII), the Americans with Disabilities Act of 1990, as amended, 42. U.S. C. §§ 12101, *et. seq.* ("ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.* ("Rehabilitation Act"). With respect to the Union, Plaintiff attempts to file suit under the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 141, *et seq*.

## II.   ARGUMENT

**Court Lacks Subject Matter Jurisdiction Over Plaintiff's Action Against Union.**

Plaintiff brings this action against the Union under section 301 of the LMRA, 29 U.S.C. § 185(c). Section 301 provides, in part, that a "labor organization . . . may be sued as an entity and in behalf of the employees whom it represents in the courts of the United States." Plaintiff alleges while "working for the City of Baltimore," he "was a dues paying member of the Union" and "the Union was obligated to file grievances for me if I was treated unfairly by Management." *See* Paper 13 at 3. Plaintiff further alleges:

> I am complaining about the following regarding the Union. On at least eight (8) different occasions, I requested the Union to file grievances on my behalf with the

> City for the wrongs done to me by management. In each of these below listed instances, the union either refused to file grievances on my behalf or failed to pursue those grievances. I also requested on several occasions that a Union shop steward be assigned to the Loch Raven site but the Union [sic] acted on it.

*Id.* Plaintiff makes several other allegations that the Union failed to take action related to alleged wrongs committed by his municipal employer, Baltimore City.

This Court does not have subject matter jurisdiction to hear plaintiff's claim against the Union. Section 301 of the LMRA "does not confer subject matter jurisdiction over all suits by or against unions . . . ." *K.V. Mart Co. v. United Food and Commercial Workers Intern. Union*, *Local 324*, 173 F.3d 1221, 1226 (9th Cir. 1999). The LMRA "expressly excludes public employers-and by association, public employees-from its coverage." *Richards v. Ohio Civil Serv. Employees Ass'n.*, 205 F. App'x. 347, 354 (6th Cir. 2006); *See also Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269-72 (6th Cir.1990). Political subdivisions such as Baltimore City are not defined "employers" under section 2(2) of the LMRA, 29 U.S.C. § 152(2). Consequently, they cannot fall under section 301, which governs suits for violations of contracts between "employers" and "labor organizations," or between labor organizations.[3] This section does not grant jurisdiction over claims of individuals employed by political subdivision of state. *See Ayres v. International Broth. of Elec. Workers*, 666 F.2d 441 (9th Cir. 1981); *American Federation of Teachers, AFL-CIO v. Federation de Maestros de Puerto Rico*, 381 F.Supp.2d 65 (D.Puerto Rico 2005) (Local union for public school teachers was not a "labor organization" within the purview

---

[3] Section 301 protects Union members by restricting a money judgment awarded against a Union from being "enforceable against any individual union member or his assets." 29 U.S.C. §185(b).

of LMRA section 185). In Maryland, as to public employers and public sector unions engaged in the representation of public employees, "[t]he duty of fair representation does not arise under the LMRA, but rather as a private cause of action under State law for breach of contract." *Byrne v. Mass Transit Admin.*, 58 Md. App. 501, 508, 473 A.2d 956, 959 (Md. Ct. Spec. App. 1984).

Plaintiff alleges that his public sector Union committed certain wrongs related to his employment with the City of Baltimore. This Court lacks jurisdiction to hear this matter because a public employee may not bring an action under the LMRA and this Union is not a "labor organization" within the coverage of LMRA Section 301, 29 U.S.C § 185.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.

Dated: March 8, 2011

Respectfully submitted,

KAHN, SMITH & COLLINS, P.A.

/s/
Christopher R. Ryon (Federal Bar No. 27768)
201 North Charles Street – 10th Floor
Baltimore, Maryland 21201
phone: (410) 244-1010
fax: 410-244-8001
ryon@kahnsmith.com
Attorneys for AFSCME Local 44